## NORBUD, INC. *v.*
## DEPARTMENT OF REVENUE

Richard A. Stark, Haviland, deSchweinitz, Stark & Hammack, Medford, represented plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered February 23, 1976.

CARLISLE B. ROBERTS, Judge.

Plaintiff appeals from defendant's Order No. VL 75-58, issued on January 27, 1975, in which the Depart-

ment of Revenue held that the failure of the plaintiff to pay an aircraft registration fee by the statutory due date required the county assessor to assess the plaintiff's aircraft for personal property tax purposes for the tax year 1974-1975.

The facts adduced at trial were not disputed. Plaintiff corporation is the owner of a 1968 Turbo Commander aircraft. The registration fee on the airplane was paid 13 days after the February 28 deadline for payment. The evidence indicated the late payment was the fault of the corporation's officers and of an inadequately trained, part-time employee who were unaware of the change made by the 1973 legislature, advancing the statutory registration date from March 31 to February 28. Or Laws 1973, ch 567, § 1, codified as ORS 493.090. The testimony was disputed as to whether the employee had timely notice of the change on the registration form itself (the revised date being noted in two places thereon).

ORS 493.080 provides for the Oregon registration of aircraft. If the registration fee is not paid by February 28 of the assessment year, the aircraft is then assessed as omitted property and "is subject to both registration and personal property tax." ORS 493.090 (2). Defendant held that the personal property taxes imposed by ORS 308.105 were lawfully levied.

Plaintiff's complaint states two grounds for reversing defendant's order: "Plaintiff qualifies as a hardship case under ORS 307.475, and further the penalty in this case is not proper." (By "penalty," the court understands the plaintiff to mean the personal property tax levied upon true cash value of the airplane's $167,590.12, in addition to the $15 registration fee.)

Turning to plaintiff's first contention, the application of the "hardship" statute, ORS 307.475, the

court notes that this provision vests discretion in the Director of the Department of Revenue, upon his finding of "good and sufficient cause," to give a written recommendation to the county assessor to approve a grant of tax relief by the county governing body.

The legislature has vested the exercise of discretion wholly in the director (or in his chief deputy, in the director's absence). ORS 305.115. This court cannot supplant the director in implementing the hardship statute. *Rogue River Pack. v. Dept. of Rev.*, 6 OTR 293 (1976). The record in this suit does not show that plaintiff ever appealed to the director under the specific provisions of ORS 307.475, and, consequently, the court is precluded from consideration of this issue. ORS 305.425(3).* Plaintiff should have raised it before the director on or before December 15, 1974. ORS 307.475(3).

Plaintiff's second contention, regarding the imposition of a personal property tax as a "penalty," was considered in the court's unpublished decision in *F. David Haase v. Dept. of Rev.*, TC No. 887, decided May 27, 1975. On facts identical to those in the present suit, the court held:

"Plaintiff's contention that the requirement that his payment of property taxes in addition to the registration fee (ORS 493.110) and a $15 late registration penalty constitutes an excessive fine and is unconstitutional under Or Const, Art I, § 16, is without merit. Aircraft generally. are subject to personal property taxation (ORS 308.-105). ORS 493.090(3) is an exemption statute. As such, the taxability of property following a failure to comply with the terms of the exemption statute

---

* Ordinarily, those who seek judicial relief must show that they have exhausted their administrative remedies. *See Oregon City v. Hartke,* 240 Or 35, 44, 400 P2d 255 (1965); *Weyerhaeuser Co. v. Galloway,* 168 Or 85, 107, 121 P2d 469 (1942).

cannot be held to be a 'fine.' The only 'fine' actually paid by the plaintiff was the $15 penalty.

"* * * * *

"In view of the importance with which the legislature appears to regard regulation and control of aircraft operation (evidenced by the mandatory registration requirements of ORS 493.030 and criminal penalties set out in ORS 493.990(2)), this sum cannot be viewed as being disproportionate to the offense and therefore unconstitutional. * * *"

Defendant's Order No. VL 75-58 is affirmed and plaintiff can take nothing by its suit. Defendant is allowed its costs.