# D & B EQUITIES CORP., dba
## SIR RICHARD'S MENS WEAR, and
## BANK OF OREGON
### *v.*
## MARION COUNTY

Marvin O. Bolland, Eichsteadt, Bolland & Engle, Woodburn, represented plaintiff.

Eddy R. Swearinger, Marion County Assistant Legal Counsel, Salem, represented defendant.

Decision for defendant rendered March 18, 1977.

CARLISLE B. ROBERTS, Judge.

This is a suit for declaratory judgment, brought under the provisions of ORS chapter 28, in which the

parties seek a declaration of their rights respecting certain personal property under the provisions of ORS 311.405(6) for the tax year 1975-1976.

The facts giving rise to this suit are not disputed. Plaintiff, Bank of Oregon (hereinafter referred to as "Bank"), had a security interest in certain personal property owned by Lee's Men's Shop, Inc., in Woodburn, Oregon (hereinafter referred to as "Lee's"). The security interest had been perfected by the filing of a security agreement on February 2, 1973. The plaintiff Bank repossessed the personal property of Lee's which was subject to its security agreement, and sold it to plaintiff D & B Equities Corp. (hereinafter referred to as "D & B"), in satisfaction of debts owed by Lee's. Although it was not alleged in the pleadings, the parties apparently understood, and the court assumes, that the repossession of the subject personal property was accomplished after January 1, 1975, the date personal property taxes became a lien against the property for the 1975-1976 tax year. The defendant claims that it has a personal property tax lien for the 1975-1976 tax year which may be satisfied by attachment and sale of the personal property now in the possession of D & B.

The question before the court is whether the plaintiff Bank's security interest has priority over or is subordinate to the tax lien of the defendant. The parties have agreed that the controlling law is found in ORS 311.405(6):

> "(6) Each lien, whether on real or personal property, shall include all interest, penalties and costs applicable by law to any of such taxes. Such liens shall have priority to and be fully satisfied before any judgment, mortgage or other lien or claim, except the lien for taxes for a subsequent year; *provided, that a judgment, mortgage* or *other lien placed of record prior to the time personal property taxes become a lien on real property shall have priority over the personal property tax lien.*" (Emphasis supplied.)

Plaintiffs argue that the proviso of subsection (6)

should be read to apply to all personal property tax liens, whether or not they have become a lien against real property. The effect of this interpretation would be that whenever a security interest or other lien against specific personal property attaches prior to the time a lien for taxes against such property is also charged by the tax collector against some part of the taxpayer's real property, pursuant to ORS 311.645, the security interest would have priority over the tax lien for satisfaction against the personal property.

It is also plaintiffs' position that any other reading of ORS 311.405(6) would work a commercially undesirable result inconsistent with the purpose of the Uniform Commercial Code (adopted by this state). This second argument has no merit. The Uniform Commercial Code does not apply to statutory tax liens because the creation of such a lien is not a transaction intended by the parties to create a security interest. ORS 79.1020(1)(a), and Uniform Commercial Code § 9-102, Comment, as published in 3 West ULA (Master ed 1968, Supp 1977), at 5.

Defendant has argued that the proviso of ORS 311.405(6) is not applicable to the facts in this case. It interprets this proviso as giving priority for purposes of debt satisfaction only to those security interests in real property which were recorded before the lien for personal property taxes was also charged against the same real property. That is, a lien for personal property taxes, asserted against a taxpayer's real property, will not have priority over a previously recorded mortgage or other secured interest in the same real property. Defendant urges that the proviso was added to ORS 311.405 by Or Laws 1935, ch 305, § 9, to overcome the Supreme Court's decision in *Getchell v. Walker et al.,* 129 Or 602, 287 P 93 (1929) (which held that, without such language, the personal property tax liens were undoubtedly to be given statutory priority over a prior recorded mortgage when the tax collector picked a particular tract of the taxpayer's

real property under ORS 311.645 (then Or Code 69-721)).

 The court must construe this statute so that:

"\* \* \* 'that sense of the words is to be adopted which best harmonizes with the context, and promotes in the fullest manner the policy and object of the Legislature.' Endlich, Interpretation of Statutes, 466, Sec. 337. \* \* \*" (*Holman Tfr. Co. et al. v. Portland et al.,* 196 Or 551, 564, 249 P2d 175, 181 (1952).)

The court must also keep in mind that this statute must be construed, if at all possible, to give effect to every section and clause of the enactment of which it is a part. *Blyth & Co., Inc. v. City of Portland,* 204 Or 153, 159, 282 P2d 363, 366 (1955). ORS 311.405 provides in part:

"(1) All taxes lawfully imposed or levied on real or personal property are liens on such real and personal property, respectively. \* \* \*

"\* \* \* \* \*

"(3) Taxes on personal property shall be a lien thereon, and on all the personal property of the person assessed from and including January 1 of the year of assessment until paid, \* \* \*.

"\* \* \* \* \*

"(6) Each lien, whether on real or personal property, shall include all interest, penalties and costs applicable by law to any of such taxes. *Such liens shall have priority to and be fully satisfied before any judgment, mortgage or other lien or claim, except the lien for taxes for a subsequent year; \* \* \*.*" (Emphasis supplied.)

ORS 311.405 is part of the statutory scheme set out in ORS chapter 311 which was enacted to assure the collection of taxes on property, whether real or personal. Within that chapter are provisions for the preparation of the tax rolls, the time and manner of collection, the distribution of tax monies, the attachment of liens, the collection of delinquent taxes, and the compromise, adjustment and settlement of tax liability. The manner in which personal property taxes become a lien on real property is provided by ORS 311.645 (whenever,

"in the opinion of the tax collector, it becomes necessary to charge taxes on personal property against real property in order that the personal property taxes may be collected, * * *"). There is no specific time at which this is to be done, and, in fact, it may not ever be done, if the tax collector does not believe it is necessary.

■ The plaintiffs' interpretation of the proviso contained in ORS 311.405(6) would effectively deny the priority granted to personal property tax liens. That such priority was intended is made clear upon reading the whole of ORS 311.405. Plaintiffs' interpretation would give priority to a security interest which was perfected *after* the date the personal property taxes became a lien against personal property but prior to the date that such taxes became a lien on real property. Such a result would be inconsistent with the purpose of ORS 311.405 because it is clear that the general intention of the legislature is to grant priority to all tax liens over other security interests[*] except as specifically excepted in ORS 311.405(5) and (6). ORS 311.405(5) is not relevant here.

■■ The function of a proviso is to restrain or modify the purview of a statute in which the proviso is found. *Holman Tfr. Co. et al. v. Portland et al.,* 196 Or 551, 562, 249 P2d 175, 181 (1952). The proviso at the end of subsection (6) of ORS 311.405 (relied upon by the plaintiffs) limits the effect of the general legislative purpose only in the specific instance when personal property taxes are made a lien on real property, as provided in ORS 311.645. In that case only will a previously recorded lien against real property have priority over such a personal property tax lien which has been asserted against the same real property—a specific legislative change apparently designed to

---

[*]There appears to be no constitutional prohibition on the sovereign's power to give priority to property tax liens over all other liens, whether the other liens are created before or after the assessment of the tax. The problems arise from a lack of clarity in the statutory language expressing the legislative intent. *See* 72 Am Jur2d *State and Local Taxation* §§ 891-900; *Annos,* 47 ALR 378 (1927), and 65 ALR 677 (1930).

overcome the court's holding as to the original legislative intent, as found in *Getchell v. Walker, supra.* This is the only construction of this statute which will give full effect to each of its provisions. *Rosentool v. Bonanza Oil and Mine Corp.,* 221 Or 520, 527, 352 P2d 138, 141 (1960); *Blyth & Co., Inc., supra.*

The court finds that ORS 311.405(6) gives priority to the personal property tax lien of Marion County for the personal property taxes unpaid for the tax year 1975-1976 against the personal property formerly owned by Lee's. The security interest of the plaintiff Bank, recorded February 2, 1973, is secondary to the county's. The county is entitled to attach and sell so much of that personal property as is liable for the delinquent taxes in order to satisfy its tax lien.

Plaintiffs' complaint is dismissed.

Defendant is awarded its costs.