Argued April 20, affirmed May 11, 1960

# ROSENTOOL *v.* BONANZA OIL AND MINE CORP.

352 P. 2d 138

*William P. Mumford,* Eugene, argued the cause for appellant. With him on the briefs was Hale G. Thompson, Eugene.

*Richard Bryson* argued the cause for respondent. On the brief were Bryson & Bryson, Eugene.

Before McAllister, Chief Justice, and Perry, Goodwin and Harris, Justices.

HARRIS, J. (Pro Tempore)

Plaintiff, Samuel Rosentool, became a stockholder in defendant, an Oregon corporation, in 1954. On April 29 and on April 30, 1957, plaintiff served written demand on defendant that he be permitted to examine the list of shareholders of defendant corporation and to copy such list. Plaintiff's demand was rejected, and

thereafter, on June 14, 1957, plaintiff commenced this mandamus proceeding to enforce his right to inspect and copy the list of shareholders, which plaintiff claimed is granted him by ORS 57.246. The purpose for the inspection of the list stated by plaintiff, both in his written demand and in the alternative writ of mandamus, was to enable plaintiff to communicate with the other shareholders in the corporation and discuss company affairs with them. Defendant's answer, so far as material upon this appeal, admitted plaintiff's right to examine and copy the list for a proper purpose but alleged affirmatively that plaintiff did not make his demand in good faith or for a proper purpose, and further alleged on information and belief that plaintiff intended to sell the list of shareholders to others.

After trial the circuit court found that "the evidence did not sustain those allegations [of defendant] and that plaintiff's demand was made in good faith and for a proper purpose." From a judgment ordering the writ, the defendant appeals.

Defendant owns and operates a quicksilver mine in Douglas county, Oregon, where it has its principal office. Plaintiff is a resident of New York City. He was the owner at the time this case arose of 25,333 shares of defendant's common stock, out of a total of 1,206,995 shares issued. His investment in the stock was approximately $44,000.

The issues involved in this case may be stated as follows:

(1) Under ORS 57.246 does the shareholder have the burden of proving or establishing good faith and a proper purpose?

(2) If plaintiff had that burden, did he sustain it?

Because the first issue set forth raises a matter of considerable importance to the public and the profession, we will first address our attention thereto.

At common law a shareholder had the right to inspect corporate books and records when he proceeded with a proper motive. *Bernert v. Multnomah Lbr. & Box Co. et al.,* 119 Or 44, 47, 247 P 155, 248 P 156.

The first statute in Oregon on the subject of the right of a stockholder to inspect corporate books and records is found in Oregon General Laws 1862, § 12, p 6, passed October 13, 1862, and effective October 14, 1862, which read as follows:

"SEC. 12. Every corporation organized under this act, shall keep a stock-book, in such manner as to show intelligibly the original stockholders, their respective shares, the amount paid, and the amount due thereon, if any, and all transfers thereof, which stock-book, or a certified copy thereof, as to the items in this section specified, shall be subject to inspection, at all reasonable hours, of any person interested therein, and applying therefor."

This statute was repealed and re-enacted by an act which took effect January 26, 1869. See Oregon General Laws 1843-1872, Deady and Lane, p 527 (Miscellaneous Laws, ch VII, title 1, § 12).

This statute remained the same and appeared as Lords Oregon Laws § 6694, Olson's Oregon Laws § 6870, and OCLA § 77-236.

Under this former statute relief by way of mandamus would be refused if the corporation established by pleading and proof that the shareholder in desiring an inspection of the corporate records acted from improper motives and for an improper purpose. *Bernert v. Multnomah Lbr. & Box Co. et al.,* supra, at p 50.

The former statute remained unchanged until it was repealed and a new section passed as § 46 of the Oregon Business Corporation Act, Oregon Laws 1953, ch 549, which is still in effect and provides as follows:

"(1) Each corporation shall keep correct and complete books and records of account and shall keep minutes of the proceedings of its shareholders and board of directors; and shall keep at its registered office or principal place of business, or at the office of its transfer agent or register, a record of its shareholders, giving the names and addresses of all shareholders and the number and class of the shares held by each.

"(2) Any person who shall have been a shareholder of record for at least six months immediately preceding his demand or who shall be the holder of record of at least five percent of all the outstanding shares of a corporation, upon written demand stating the purpose thereof, shall have the right to examine, in person, or by agent or attorney, at any reasonable time or times, for any proper purpose, its books and records of account, minutes and record of shareholders and to make extracts therefrom. The corporation shall mail a copy of its latest financial statement to any shareholder upon his written request therefor.

"(3) Any officer or agent who, or a corporation which, shall refuse to allow any such shareholder, or his agent or attorney, so to examine and make extracts from its books and records of account, minutes, and record of shareholders, for any proper purpose, shall be liable to such shareholder in a penalty of 10 percent of the value of the shares owned by such shareholder, in addition to any other damages or remedy afforded him by law. It shall be a defense to any action for penalties under this section that the person suing therefor has within two years sold or offered for sale any list of shareholders of such corporation or any other corporation or has aided or abetted any person in pro-

curing any list of shareholders for any such purpose, or has improperly used any information secured through any prior examination of the books and records of account, or minutes, or record of shareholders of such corporation or any other corporation, or was not acting in good faith or for a proper purpose in making his demand.

"(4) Nothing herein contained shall impair the power of any court of competent jurisdiction, upon proof by a shareholder of proper purpose, irrespective of the period of time during which such shareholder shall have been a shareholder of record, and irrespective of the number of shares held by him, to compel the production for examination by such shareholder of the books and records of account, minutes, and record of shareholders of a corporation." ORS 57.246.

Under the former statute (OCLA § 77-236) a shareholder had an absolute and unconditional legal right to inspect the books and records of any corporation. There was no provision therein that the purpose of the inspection must be stated. The only restriction was that the inspection be made at reasonable hours. The shareholder's purpose and motives for the inspection were immaterial. However, if a corporation alleged and proved that a shareholder desired an inspection for a wrongful or unlawful purpose, the court, in the exercise of its discretion, could refuse to grant the extraordinary remedy of mandamus, which is never granted to promote manifest injustice. *Bernert v. Multnomah Lbr. & Box Co. et al.,* supra, at pp 48-52.

It will be noted that under the present statute (ORS 57.246(2)) a shareholder in the position of plaintiff (one who has been a shareholder of record for at least six months preceding his demand) "upon written demand stating the purpose thereof, shall have the right to examine * * * at any reasonable time

or times, for any proper purpose, its * * * record of shareholders and to make extracts therefrom."

It will also be observed that a different class of shareholders (those holding their shares "irrespective of the period of time such shareholder shall have been a shareholder of record * * *") are given rights under ORS 57.246(4) which provides as follows:

"Nothing herein contained shall impair the power of any court of competent jurisdiction, *upon proof by a shareholder of proper purpose,* irrespective of the period of time during which such shareholder shall have been a shareholder of record, and irrespective of the number of shares held by him, to compel the production for examination by such shareholder of the books and records of account, minutes, and record of shareholders of a corporation." (Emphasis supplied.)

Under this latter section the burden of proof is upon the shareholder to establish a "proper purpose" for the inspection before a court shall compel the corporation to produce for examination the corporate records.

It, therefore, appears to us that the statute under review creates two classes of shareholders who have been privileged to examine corporate records. The first class consists of shareholders who have been such for at least six months (or holders of at least five per cent of the outstanding stock) and demanding to see the corporate records for any proper purpose. The plaintiff is in this category. The second class of shareholders includes those who, irrespective of the period of time they shall have been shareholders and irrespective of the number of shares held, may compel by mandamus the inspection of the corporate records, conditioned upon proof by them of a proper purpose

for such demand. We hold that a reasonable construction of the statute under review placed upon shareholders in this latter class the burden of proving a proper purpose in requesting the examination of corporate records, but that shareholders in plaintiff's class are entitled to make such demand without being called upon first to establish proof that such demand is for a proper purpose. We hold that where the petition for an alternative writ of mandamus to compel the corporation to permit an inspection of corporate records shows on its face that the requested inspection is for a proper purpose, a writ should be granted unless the defendant alleges defensively facts tending to establish bad faith on the part of the plaintiff or that the inspection is not sought for a proper purpose. The burden of establishing such bad faith or improper purpose rests upon the defendant.

The following rules of statutory construction are here applicable:

■ Expressio unius est exclusio alterius. *Lafferty v. Newbry,* 200 Or 685, 268 P2d 589.

■ The Court cannot insert what has been omitted or omit what has been inserted and when there are several provisions, such construction is to be adopted as will give effect to all. *Union Pacific R. R. Co. v. Bean,* 167 Or 535, 119 P2d 575.

■ The various sections of a statute should be construed in pari materia. *Anthony v. Veatch,* 189 Or 462, 220 P2d 493, 221 P2d 575.

If the legislature had desired the words "upon proof of a proper purpose" in subsection (2) of ORS 57.246, that body could have placed them there. This court is precluded from doing so. On the contrary, we must give due consideration to the expressed difference between subsections (2) and (4) of ORS 57.246.

We must not insert that which the legislature has omitted.

In *Nationwide Corp. v. Northwestern Nat. Life Ins. Co.*, 251 Minn 255, 87 NW2d 671, the court construed a Minnesota statute which provided:

"* * * all such books and records shall, at all reasonable times and for all proper purposes, be open to inspection of any stockholder."

The Minnesota court held as follows:

"1. Both under the common law and under our statute (M.S.A. 300.32) a stockholder of a corporation is entitled to examine the books and records of the corporation at a proper time and place and for a proper purpose. This subject has been annotated exhaustively and it would serve no useful purpose to further explore the applicable law on the general proposition stated above. The right rests upon the proposition that, while the corporation holds the legal title to its property, the stockholders are deemed to be the real and beneficial owners thereof and, as such, are entitled to information concerning the management of the property and business which they have confided to the officers and directors of the corporation as their agents.

"2. The right is not an absolute one and may be denied when the object for which the inspection is sought is an improper one.

"3. Where the petition for an alternative writ of mandamus to compel the corporation to permit an inspection shows on its face that the inspection is for a proper purpose, a peremptory writ should be granted unless the defendant alleges as a defense facts tending to establish that it is not sought for such purpose. The burden of establishing an improper purpose rests upon defendant.

"4. The fact that the stockholder is interested as a stockholder or otherwise in rival corporations

is not of itself enough to deny the right of inspection.

"5. It is not improper to solicit proxies for the purpose of attempting to change the management of the corporation. Consequently, it is not improper to seek inspection for the purpose of ascertaining the names and addresses of stockholders or others having voting rights in order to be able to communicate with them or to solicit proxies from them.

"In State ex rel. G. M. Gustafson Co. v. Crookston Trust Co., 222 Minn. 17, 28, 22 N.W. (2d) 911, 919, we said:

'* * * The allegation that plaintiff, its officers, and stockholders are *unfriendly* to defendant states a fact insufficient as a defense. * * * There is nothing unlawful about attempting to gain control of a corporation by lawful means. Here, no unlawful or wrongful means are alleged. A stockholder has the right as against the corporation and other stockholders to gain control of the corporation by lawful means such as by stock purchases and stock control. * * * Mandamus will be granted to compel an inspection to enable a stockholder to communicate with other stockholders for those purposes.'

This rule is in harmony with the decisions of most other courts."

In *Klein v. Scranton Life Ins. Co.,* 39 Pa Super 369, 11 A2d 770, 773, the court held as follows:

"Quoting from Hauser v. York Water Co., supra, 278 Pa. page 392, 123 A. page 332, Mr. Justice Simpson, speaking for the Supreme Court, says: 'It follows that when a stockholder applies for a mandamus, because of a refusal to give him such a list, or to allow him to copy it from the books of the corporation, and states a legal and proper reason why he desires to have it, the cor-

porate officers, who deny his right to it, have a heavy burden to carry. Of course, "the writ should not be granted for speculative purposes or to gratify idle curiosity or to aid a blackmailer, but it may not be denied to the stockholder who seeks the information for legitimate purposes." Guthrie v. Harkness, 199 U.S. 148, 26 S.Ct. 4, 50 L.Ed. 130, 4 Ann. Cas. 433. The law presumes, however, that the list is desired for a proper purpose, and he who denies this has the burden of clearly proving that he is right. 7 R.C.L. 326.' "

In *William Coale Development Co. v. Kennedy,* 121 Ohio St 582, the Ohio court was called upon to answer a contention that the burden of proof was shifted to the shareholder by the alteration of an Ohio statute not dissimilar to the change in the Oregon law under consideration. The former Ohio statute provided that the records of the corporation should be "open to the inspection of every stockholder at all reasonable times." This was modified to read "shall be open to the inspection of every shareholder at all reasonable times except for unreasonable or improper purpose." Prior to the change in the statute the Ohio court had construed the statute to require the corporation to permit the inspection unless the corporation could show an improper purpose. In the William Coale Development Co. case, supra, the corporation argued that the alteration of the statute showed an intent on the part of the legislature to shift the burden of proof to the stockholder. The Ohio court rejected this contention in this language:

"We are quite unable to find any such intent on the part of the legislature * * *. The Legislature has simply expressed in the amendment the rule as laid down by this court * * *.

"* * * * *

"Can anything be plainer than the fact that the

owner of property has a clear right to inspect his property? * * * If the acts of the stockholders touching the assets and business affairs of the corporation are not attended by a presumption of good faith and honesty of purpose, wherein shall we discover the good faith and honesty of purpose of the directors and other agents of the corporation, who are so ready to impute dishonesty and bad faith to their principals and employers? It is really somewhat difficult to consider with patience a proposition that is so at variance with the law applicable to the relation of principal and agent and master and servant."

The Ohio court concluded its opinion with the following language:

"* * * When the stockholder is asking the right to inspect the corporate books, records, papers, and documents, or the corporate property, such request is attended by a presumption of good faith and honesty of purpose until the contrary is made to appear by evidence produced by the officers or agents who are seeking to defeat such inspection. The burden of proof on this question should not be borne by the stockholder, but should be borne by the agents or officers objecting to the inspection."

Also see the case of *Grossman v. Cleveland Cartage Co.,* (Ohio), 157 NE2d 154.

A complete annotation of all the cases upon the subject under review will be found in 15 ALR2d 11-94.

In its claim that the burden of proof has been shifted to the shareholder by the Oregon statute under review, the defendant relies principally upon the Illinois case of *Morris v. Broadview, Inc., et al.,* 385 Ill 228, 52 NE2d 769, which, in construing a statute substantially similar to the Oregon statute under review, held:

"Considering the change in the statute clearly

abrogating the absolute right of shareholders to a definitely limited right of inspection, the only reasonable interpretation that will afford meaning to every clause and word of the section in question is that the legislative intent was to limit the right of examination to an allegation and proof of a specified purpose which is proper and legitimate, for the protection of the stockholder's investment."

We cannot concur in the reasoning of the Supreme Court of Illinois that because the statute under review repeats the phrase "for a proper purpose" in each section of the statute that such words evidenced a legislative intent to place the burden on the shareholder. The Supreme Court of Illinois, in our opinion, failed to give proper recognition to the fact that the statute under consideration set up two distinct classes of stockholders, and upon only one class did the statute place a burden of proving a proper purpose. Since the plaintiff does not fall within this latter class, in our opinion the burden of proof was not shifted by the statute to the plaintiff as a shareholder to establish by proof a proper purpose for the inspection of the corporate records.

We concur in the conclusion reached by the Illinois Appellate Court in the *Morris v. Broadview, Inc., et al.* case, 317 Ill App 436, 46 NE2d 174, which is in harmony with the views herein expressed.

A New Jersey court has indicated a cogent reason why the burden of proof should not be shifted to the shareholder in the absence of an express legislative directive as follows:

"To say they [the shareholders] have the right [of inspection], but that it can be enforced only when they have ascertained, in some way without the books, that their affairs have been mismanaged, or that their interests are in danger, is practically

to deny the right in the majority of cases. Oftentimes frauds are discoverable only by examination of the books * * *." *Huylar v. Cragin Cattle Co.,* 40 NJ Eq 392, 398.

■ Until an examination of the corporate records is obtained, the shareholder often can do nothing more than entertain a belief of mismanagement, and, in the absence of express legislative command, to place the burden of proof upon the shareholder in a situation such as that now under review would in many cases defeat the very grounds upon which a right of inspection of corporate records is said to exist. After all, as stated by the Oregon court in *Bernert v. Multnomah Lbr. & Box Co. et al.,* supra, at p 48, "They [the stockholders] are the owners of the corporate property. The directors and other officers of the corporation are their agents and trustees. Is it not proper for the beneficiaries to inquire into the administration of the trust?" We hold that the petition in this case shows on its face that the inspection was requested for a proper purpose. In this connection see *Nationwide Corp. v. Northwestern Nat. Life Ins. Co.,* supra, at pp 263-264; *Hanrahan v. Puget Sound Power & Light Company,* 332 Mass 586, 126 NE2d 499, 502; and 15 ALR2d 80.

Where the request of a shareholder for an inspection of corporate records indicates on its face that it is for a proper purpose, that is, for a lawful and reasonable purpose germane to his status as a shareholder, the burden shifts to the defendant to show that the inspection should not be granted because it tends to advance a purpose inimical or hostile to the corporation or the other shareholders, or that the purpose of the shareholder is to gratify his curiosity or harass or annoy the corporation or its management,

or is to advance a speculative or some other improper purpose of the shareholder.

The record of this case conclusively indicates that the defendant has not sustained its burden of proving bad faith or improper purpose on the part of the plaintiff in making the demand in question as alleged in defendant's answer. In fact defendant has in this court proceeded on the theory that the burden of proof was cast upon the plaintiff to establish a proper purpose. Since we hold this burden of proof was cast upon the defendant, it follows that the judgment of the trial court must be sustained. Consequently, it is not necessary for us to pass upon the second issue set forth in earlier portions of the opinion, to-wit, whether or not, assuming plaintiff had the burden of proving good faith and proper purpose, he sustained it. The judgment of the trial court is affirmed.