Argued May 5, reversed and remanded June 22, 1966

# TAYLOR *v.* PEARL, PICKELL
### 415 P. 2d 757

*J. Ray Rhoten,* Salem, argued the cause for Intervenor-Appellant. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

*John S. Horton,* Albany, argued the cause for Defendant-Respondent. With him on the brief were Weatherford, Thompson & Horton, Albany.

Before MCALLISTER, Chief Justice, and PERRY, DENECKE, SCHWAB and HAMMOND, Justices.

HAMMOND, J. (Pro Tempore).

This is an appeal from an order of the court requiring appellant PicKell and John S. Horton to pay

over to defendant Pearl a sum jointly held by them as attorneys for the plaintiff and defendant, and from a further order denying appellant's petition to intervene and denying his application to settle an attorney's lien.

Initially the controversy between the plaintiff (herein referred to as Taylor) and the defendant (herein referred to as Pearl) involved transactions between those parties by reason of which, among other things, they sought an accounting between them. The court's decree determined that there was due from Taylor to Pearl the sum of $22,634.09. Toward satisfaction of said judgment the court ordered paid to Pearl a sum theretofore tendered into court by Taylor and the court further ordered application toward said judgment of the funds jointly held by the parties' attorneys as follows:

"IT IS FURTHER ORDERED AND DE-CREED that the sum of $8,322.75, together with interest, held in the joint account of the parties' respective counsel, namely R. W. PicKell and John S. Horton, be applied on said judgment and said counsel are authorized and directed to forthwith remit said sum, together with interest thereon, to the defendant T. K. Pearl."

For the purposes of this appeal we have only to consider the origin, management and disposition of the $8,322.75 fund last above referred to.

Taylor and Pearl were each engaged in the operation of various types of heavy equipment, and over a considerable period of time had business dealings and transactions. Taylor owned a TD-24 International tractor, and during the latter part of 1963 had rented it to Tidewater Construction Company to be used on a clearing job for the Bonneville Power Administra-

tion. Tidewater became indebted to Taylor in the above amount for use of the tractor, but being in financial difficulty, could not pay.

There was mention in the pleadings of an attempt to effect an assignment by Taylor to Pearl of the claim against Tidewater. The matter was not presented to the trial court for a determination as to whether such assignment had in fact been made.

Funds became available for payment of such debt on account of a bond on which the United States Fidelity and Guaranty Company was surety. By agreement between the parties a draft was drawn on United States Fidelity and Guaranty, dated November 16, 1964, and made payable to Taylor and Pearl, individually and jointly, and to the appellant PicKell in the sum of $8,322.75. The draft, after endorsement by the payees, was deposited in a joint savings account in the Salem Federal Savings and Loan Association in the names of R. W. PicKell and John S. Horton, the signature card therefor requiring two signatures for withdrawal.

The pleadings in the suit between Taylor and Pearl were filed and settled prior to receipt of the draft from United States Fidelity and Guaranty Company. The court was not asked to consider or include the claim against Tidewater or the payment thereof by the United States Fidelity and Guaranty Company draft in settling the accounts between those parties. Such fund was only considered by the court as a possible source from which the ultimate decree might be partially satisfied.

■ The trial court was prompted to order that the $8,322.75 fund, jointly held by Horton and PicKell, be remitted to the defendant Pearl to apply on the judg-

ment by virtue of certain statements made by the attorneys to the court during the course of the trial. The court understood such statements to constitute a tender into court of such fund. We are satisfied that Mr. Horton, by his statements, intended, on his part and as attorney for Pearl, to effect such a tender. We do not think that Mr. PicKell, on his part and as attorney for Taylor, intended to make such a tender or that his statements to the court should be so construed. He did say that the funds were available and that they would be held pending outcome of the accounting suit. Such remarks did not constitute a tender of the funds, particularly in view of the fact that PicKell had verbally notified the court that he intended to claim a lien on the fund. He also wrote the court to similar effect after the Taylor-Pearl trial and before the decree was entered therein.

The court's decree was entered May 3, 1965, and on May 11 the appellant PicKell filed his petition to intervene, claiming an attorney's lien upon the $8,322.75 fund, praying that the decree be modified with respect to the application of the fund held by Horton and him, "and for an order applying such sum as the court may determine to the attorney's retaining lien of R. W. PicKell. * * *"

Appellant treated his application for relief as an intervention within the scope of ORS 13.130. In this approach defendant Pearl concurred by consenting to the intervention and consenting to the settling of PicKell's attorney's lien. The trial court apparently viewed the matter in the same light. The intervention statute provides, in part, as follows:

"At any time before trial any person who has an interest in the matter in litigation may, by leave of court, intervene. Intervention takes place when

a third person is permitted to become a party to a suit, action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant. * * *" ORS 13.130.

The fund which is the subject of appeal was not a "matter in litigation" in the case of *Taylor v. Pearl*. Neither is PicKell "joining the plaintiff in claiming what is sought by the complaint." We cannot consider the questioned proceeding as "intervention" simply because the parties so tag it.

Although the trial court had no jurisdiction to make the $8,322.75 fund subject to its decree, there being no tender of the fund, we are not authorized to modify the decree as to Taylor or as to Taylor's interest in the money since he has not appealed from such decree.

PicKell appeals because, as he contends, the decree was void as to him. What he actually asserts by his petition to the trial court, and by this appeal, is that he has a special interest in the fund in the nature of an attorney's lien, of which he had previously given the court notice.

The appellant, PicKell, asked the court to adjudicate his interest in the fund. The defendant Pearl consented to such determination. The trial court did hold a supplemental hearing upon PicKell's petition, but dismissed the petition without finding as to whether PicKell had "money of his client in his possession * * *" (ORS 87.495), and if so, the amount of his lien thereon. We hold that since the court exercised jurisdiction of the fund it should have adjudicated PicKell's interest therein.

The order dismissing appellant's application to settle the attorney's lien is reversed and remanded for proceedings not inconsistent with this opinion.