Argued February 7, affirmed March 27, petition for rehearing
denied April 23, 1968

TAYLOR, *Plaintiff, v.* PEARL, *Defendant-
Respondent,* PICKELL, *Intervenor-
Appellant.*
439 P. 2d 7

*J. Ray Rhoten,* Salem, argued the cause for intervenor-appellant. On the briefs were Rhoten, Rhoten & Speerstra, Salem.

*John S. Horton,* Albany, argued the cause for defendant-respondent. With him on the brief were Weatherford, Thompson, Horton & Jordan, Albany.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

PER CURIAM.

This is a proceeding to determine whether the intervenor, R. W. PicKell has an attorney's retaining lien (ORS 87.495) on a joint savings account deposited in the name R. W. PicKell and John S. Horton, defendant's attorney.

This matter was before us in *Taylor v. Pearl,* 244 Or 81, 415 P2d 757 (1966). In that case we remanded the cause for further proceedings to determine whether PicKell had a lien on the account. This appeal is taken by PicKell from a decree denying his lien.

The account was created by the deposit of a check executed by a bonding company and which was made payable to R. W. PicKell and John S. Horton. This payment was in settlement of a claim which PicKell's client, W. R. Taylor, had against Tidewater Construction Company.

Defendant contends that before the check was delivered Taylor had assigned his claim against Tidewater to defendant, T. K. Pearl. The evidence clearly establishes that Taylor assigned his interest in the Tidewater claim to Pearl. This was manifested by Taylor's conduct in directing Tidewater and the bonding company to make payment of the claim to Pearl.

In the original suit Taylor alleged in his complaint that he had assigned the claim to Pearl. This judicial admission would estop Taylor from later denying that an assignment had been made and since PicKell's lien claim must rest upon Taylor's interest in the fund, the admission indirectly binds PicKell.

Since the check was in payment of a claim which Taylor had assigned to Pearl, Taylor had no interest in the check to which PicKell's lien could attach.

The decree of the trial court is affirmed.