# IN THE OREGON TAX COURT

## MERCY HEALTH PROMOTION, INC.
*v.*
## DEPARTMENT OF REVENUE
Doris REDDEKOPP,
Douglas County Assessor
*Intervenor.*
(TC 2790)

Eugene E. Feltz, Palmer, Feltz, Sherry & Smith, Portland, represented plaintiff.

Bonni C. Canary, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Donald A. Dole, Dole, Coalwell & Clark, P.C., Roseburg, represented intervenor.

Decision for plaintiff rendered February 23, 1989.

### CARL N. BYERS, Judge.

This matter is before the court on cross-motions for summary judgment. Plaintiff and defendant have stipulated to the following facts.

Plaintiff is a nonprofit corporation organized for religious, charitable and educational purposes. Beginning January 1, 1985, plaintiff leased certain real and personal property from Douglas County, Oregon, for operation as a nursing home.

"Douglas County is a public body granted exemption or the right to claim exemption for said property under ORS 307.090. The rent under said lease is set at $13,000 per month. Plaintiff also assumed responsibility for repairs and maintenance of the property."

Plaintiff seeks property tax exemption for the leased property under either ORS 307.166 or 307.112. ORS 307.166(1) provides as follows:

"(1)  If property is owned or being purchased by an institution, organization or public body, and if the institution, organization or public body is one granted exemption or the right to claim exemption for any of its property under a provision of law contained in this chapter, and such institution, organization or public body leases or otherwise grants the use and possession of such property to another institution, organization or public body likewise granted exemption or the right to claim exemption for any of its property under a provision of law contained in this chapter, such property is exempt from taxation if used by the lessee or possessor in the manner, if any, required by law for the exemption of property owned or being purchased by it *and the rent charged does not exceed the cost of repairs, maintenance, amortization and upkeep.* Likewise, if the lessee or grantee of the use and possession in turn subleases or otherwise grants the use and possession of the property to a third institution, organization or public body of the kind described in this subsection, such property is exempt if the use and rent meet the conditions required by this subsection for lessees and grantees." (Emphasis added.)

The initial and primary issue argued by the parties is the meaning of "amortization." Plaintiff argues that amortization is used in its broad sense of allocating, setting aside or recovering over a period of time the cost of a wasting asset (depreciation). Defendant and intervenor, on the other hand, argue that amortization refers only to the extinguishment of debt. Defendant and intervenor would distinguish amortization of intangible property from depreciation of tangible property. This distinction appears to be recognized by the Financial Accounting Standards Board (FASB) and other accounting texts.

The parties have been unable to locate any legislative history which would aid the court in ascertaining the intent of the legislature. Both meanings have weaknesses which would make the legislature hesitate to use them. For example, if amortization refers only to mortgage costs, a knowledgeable owner of property which is not subject to a mortgage could take out a loan on the property prior to leasing it and use the lease payments to pay off the loan. Defendant suggests that exempt organizations would not engage in such manipulation. With some exceptions, it is unrealistic to believe that non-profit organizations are any different from other organizations when it comes to maximizing returns on property. A similar weakness is seen in plaintiff's position of allowing an owner to recover depreciation on property without any statutory guidelines. Certainly income tax depreciation schedules have no particular relevance to actual wear and tear on a property.

The court, like the parties, is unable to find any good answer to this issue. There are dictionary definitions which can be interpreted to support either position. The word "amortization" is the type of ambiguous word that the legislature should avoid. In the hope that the legislature will resolve this issue in the future, the court declines to do so because it is unnecessary to decide this case.

■ It will be helpful to the reader to consider the relevant legislative background. ORS 307.166 was enacted by the 1977 legislature in chapter 884, section 26. Originating as Senate Bill 112, the statute repealed ORS 307.164 which exempted from taxation property owned by one exempt organization (one qualifying under ORS 307.130 or ORS 307.140) which

was used for exempt purposes by another exempt organization. Thus, adoption of ORS 307.166 was essentially to set forth specific conditions for exemption of property owned by one exempt organization and used by another exempt organization.

■ However, at the same session, the legislature also enacted Or Laws 1977, ch 673, § 2. That statute, originating as House Bill 2328, in section 1 repealed subsection (3) of ORS 307.090[1] and in section 2 enacted ORS 307.112. The relevant portion of that statute provides:

"(1)   Real or personal property held under lease or lease-purchase agreement by an institution, organization or public body, other than the State of Oregon, granted exemption or the right to claim exemption for any of its property under ORS 307.090, 307.130, or 307.140, is exempt from taxation if:

"(a)   The property is used by the lessee in the manner, if any, required by law for the exemption of property owned or being purchased by it; and

"(b)   It is expressly agreed within the lease or lease-purchase agreement that the rent payable by the institution, organization or public body has been established to reflect the saving resulting from the exemption from taxation."

It should be noted that ORS 307.112 was not codified by the legislature. Its placement and numbering in the code was done by legislative counsel. The significance of this should not be lost to the reader when attempting to construe the statute.[2] Any construction of ORS 307.112 which requires

---

[1] The repealed provision read as follows:

"Real and personal property shall be exempt from taxation while it is held by a school district under a lease-purchase agreement executed after September 13, 1975, for a term exceeding one year and whereunder the rent payable by the school district is expressly agreed to have been established to reflect the savings resulting from the exemption from taxation. In the case of a lease-purchase agreement of only a portion of a building or facility the exemption shall apply only to such portion and the remaining portions shall be separately assessed and taxed. For purposes of this subsection, in order to constitute a 'lease-purchase agreement' the district must be entitled to acquire ownership of the property at a nominal or other price which is stated or determinable by the terms of the agreement and was not itself intended to reflect the true value of the property."

[2] The preface to the Oregon Revised Statutes, at viii, notes:

"Occasionally, notes can be found indicating that a particular ORS section was not added to and made a part of the ORS series in which it appears. These notes mean that the addition was editorial and not by legislative action and are

reference to a particular chapter or context in which the statute has been codified should be viewed with caution.

The enactment of these two statutes, ORS 307.112 and ORS 307.166, by the same legislature can only be viewed as curious. They are overlapping statutes with slightly different qualifying conditions. ORS 307.112 permits the property of a taxable owner or lessor to be exempted if the lease expressly acknowledges that the rent has been established to reflect the savings resulting from the exemption from taxation. Assuming a strict construction, the statute also only applies to leases or lease purchases. On the other hand, ORS 307.166 requires the lessor or owner of the property to be an exempt organization entitled to property tax exemption. ORS 307.166 imposes strict limitations on the amount of rent that can be charged, although it applies not only to leases but to lesser grants of use and possession of the property.

Plaintiff maintains that it is exempt under both ORS 307.112 and ORS 307.166. Defendant and intervenor maintain that ORS 307.112 is a general statute and ORS 307.166 is a specific statute. They argue that the specific controls over the general and plaintiff must qualify under ORS 307.166.

■ The first rule in construing a statute is to start with the statute itself. Although the statutes in question overlap, they are not in conflict. They overlap to the extent that an exempt organization may qualify under ORS 307.166 as well as ORS 307.112. Their conditions for exemption are not the same. For example, a lease-purchase agreement could not qualify under ORS 307.166 because of the limits on the amount of rent. Likewise, it would appear that mere use or possession of property by an exempt organization does not qualify under ORS 307.112.

■ The court is persuaded that this is an instance where the ambidextrous legislature failed to coordinate its handiwork. With one statute originating in the Senate and the other in the House, neither making any reference to the other, it

used where the series references are either too numerous or too complex to bear further adjustment. However, the note certainly does not mean that the section not added to a series or chapter is any less the law. The note is intended only to remind the user that definitions, penalties and other references to the series should be examined carefully to determine whether they apply to the noted section."

seems likely that they were enacted without consideration of each other. The court sees no need to attempt to limit the operation of one statute in order to give effect to the other.

> "The enactment of the two statutes upon the same subject at the same session was held to be an indication of the intent of the legislature that both acts should have concurrent operation.
>
> "In the absence of an irreconcilable conflict between two acts of the same session, each will be construed to operate within the limits of its own terms in a manner not to conflict with the other." 1A Sutherland Stat Const § 23.17 (4th ed).

Where statutes are not ambiguous it is error to apply a rule of construction. *Whipple v. Howser,* 291 Or 475, 632 P2d 782 (1981). In addition, to construe the statutes as defendant requests would require the court to read into ORS 307.112 words of limitation which are not there. This, the court cannot do. ORS 174.010.

Since plaintiff claims exemption under ORS 307.112, are there any factual disputes as to whether plaintiff has complied with the statute? Plaintiff has alleged and defendant has admitted that the lease between plaintiff and Douglas County complies with the statutory requirement of ORS 307.112(1)(b).

The only remaining condition is that the property must actually be used in a manner to qualify for exemption under ORS 307.130 or ORS 307.140. The stipulation entered into by plaintiff and defendant appears to establish that the use does comply. At oral argument defendant sought to disavow this point of the stipulation on the grounds that counsel was unaware of all of the issues raised at the administrative hearing. That is not sufficient reason for the court to set aside the stipulation. Further, defendant, in its Amended Memorandum Of Law In Support Of Its Cross Motion For Summary Judgment, at 2, states:

> "For purposes of this motion, defendant is assuming that plaintiff is a non-profit corporation granted exemption under ORS 307.130 and ORS 307.140 *and there is no dispute regarding the use of the subject property in accordance with its religious, benevolent and charitable purposes.*" (Emphasis added.)

Although intervenor has not admitted or stipulated to the pertinent facts, it is in no position to object to admissions or stipulations of the other parties. The general rule is that intervenors are bound by the record or state of the case at the time of intervention. 67A CJS *Parties* § 86 (1978). *Brune v. McDonald,* 158 Or 364, 75 P2d 10 (1938). Intervenor did not seek intervention or become a party until February 9, 1989. Defendant filed its answer December 22, 1988, and the parties filed their Stipulation of Facts with the court on January 5, 1989. Thus, intervenor's case is limited by the facts established prior to its intervention. *Taylor v. Pearl,* 249 Or 611, 439 P2d 7 (1968). Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment be, and hereby is, granted; and,

IT IS FURTHER ORDERED that defendant's Cross Motion For Summary Judgment be, and hereby is, denied; and

IT IS FURTHER ORDERED that neither party shall recover costs.