Argued and submitted October 31, 1989, the judgment of the Tax Court affirmed July 5, 1990

# MERCY HEALTH PROMOTION, INC.
*Respondent,*

*v.*

# DEPARTMENT OF REVENUE,
State of Oregon,
*Appellant,*

*and*

Doris REDDEKOPP,
Douglas County Assessor,
*Intervenor.*

(TC 2790; SC S36090)

795 P2d 1082

Bonni C. Canary, Assistant Attorney General, Salem, argued the cause on behalf of the appellant. With her on the briefs was Dave Frohnmayer, Attorney General, Salem.

Eugene E. Feltz, Portland, argued the cause on behalf of respondent. With him on the brief were Joseph D. McDonald, and Palmer, Feltz, Sherry & Smith, Portland.

Before Peterson, Chief Justice, and Linde,** Carson, Jones,*** Gillette, Van Hoomissen, and Fadeley, Justices.

GILLETTE, J.

---

** Linde, J., retired January 31, 1990.

*** Jones, J., resigned April 30, 1990.

## GILLETTE, J.

This property tax case involves a dispute between plaintiff Mercy Health Promotion, Inc., and the defendant Department of Revenue (DOR),[1] concerning the availability to Mercy Health of a certain property tax exemption. ORS 307.112[2] provides a property tax exemption for property rented to an organization which itself would be entitled to an exemption. DOR contends that this exemption does not apply when both the property owner and the lessee are tax exempt organizations because another, more specific provision, ORS 307.166,[3] applies to such situations. The Tax Court allowed the exemption under ORS 307.112. *Mercy Health Promotion v. Dept. of Rev.*, 11 OTR 207 (1989). DOR appealed to this court. We hold that ORS 307.166 is the appropriate statute to apply, but further hold that the lease in question is adequate under

---

[1] Doris Reddekopp, Douglas County Assessor, intervened in the tax court, but is not a party to this appeal.

[2] ORS 307.112(1) provides:

"Real or personal property held under lease or lease-purchase agreement by an institution, organization or public body, other than the State of Oregon, granted exemption or the right to claim exemption for any of its property under ORS 307.090, 307.130, 307.140 or 307.145, is exempt from taxation if:

"(a) The property is used by the lessee in the manner, if any, required by law for the exemption of property owned or being purchased by it; and

"(b) It is expressly agreed within the lease or lease-purchase agreement that the rent payable by the institution, organization or public body has been established to reflect the savings resulting from the exemption from taxation."

Subsections (2) and (3) of the statute specify the procedural requirements for claiming the exemption.

[3] ORS 307.166(1) provides:

"If property is owned or being purchased by an institution, organization or public body, and if the institution, organization or public body is one granted exemption or the right to claim exemption for any of its property under a provision of law contained in this chapter, and such institution, organization or public body leases or otherwise grants the use and possession of such property to another institution, organization or public body likewise granted exemption or the right to claim exemption for any of its property under a provision of law contained in this chapter, such property is exempt from taxation if used by the lessee or possessor in the manner, if any, required by law for the exemption of property owned or being purchased by it and the rent charged does not exceed the cost of repairs, maintenance, amortization and upkeep. Likewise, if the lessee or grantee of the use and possession in turn subleases or otherwise grants the use and possession of the property to a third institution, organization or public body of the kind described in this subsection, such property is exempt if the use and rent meet the conditions required by this subsection for lessees and grantees."

Subsections (2) and (3) of the statute specify the procedural requirements for claiming the exemption.

that statute to permit the exemption. We therefore affirm the Tax Court.

## FACTS

This case was decided by the Tax Court on cross motions for summary judgment based upon stipulated facts. Mercy Health is a non-profit corporation organized for religious, benevolent, charitable, and educational purposes; it has the right to claim a property tax exemption for its property under ORS 307.130[4] and 307.140.[5] Mercy Health is the lessee of a nursing home facility located at 778 West Harvard Blvd. in Roseburg, Oregon. The owner and lessor is Douglas County, a public body with the right to claim a property tax exemption under ORS 307.090(1).[6] Mercy Health has, at all relevant times, operated the facility as a nursing home, an exempt use. Douglas County had been operating the nursing home at a substantial loss. The county decided to turn operation of the home over to Mercy Health, which would pay Douglas County $156,000 a year in rent. As specifically required under ORS 307.112, the lease agreement states that the rent was established to reflect the savings resulting from the tax exemption. Under the lease, Mercy Health also is responsible for repairs and maintenance on the property.

## THE AVAILABILITY OF THE EXEMPTION

Under ORS 307.112, if it is applicable, the property is tax exempt if Mercy Health uses the property in the manner required by law for the exemption and if "it is expressly agreed within the lease * * * that the rent * * * has been established to reflect the savings resulting from the exemption from taxation." It is undisputed that Mercy Health meets both these requirements. However, DOR contends that ORS 307.112 does not apply to the property because Mercy Health rents the

---

[4] ORS 307.130 provides an exemption for "incorporated literary, benevolent, charitable and scientific institutions."

[5] ORS 307.140 provides an exemption for "religious organizations."

[6] ORS 307.090(1) provides:

"Except as provided by law, all property of the state and all public or corporate property used or intended for corporate purposes of the several counties, cities, towns, school districts, irrigation districts, drainage districts, ports, water districts and all other public or municipal corporations in this state, is exempt from taxation."

property from another exempt organization, Douglas County. DOR contends that ORS 307.166, a statute specifically dealing with leases between exempt organizations, preempts what DOR views as the more general provisions of ORS 307.112.

Normally, when interpreting an unambiguous statute, we follow the plain meaning of the statutory language. Our job is "not to insert what has been omitted, or to omit what has been inserted." ORS 174.010. By its terms, ORS 307.166 specifically applies to the situation before us. On the other hand, ORS 307.112 contains no language limiting its effect only to situations where an exempt organization leases property from a *non-exempt* lessor; its terms also may be applied to the situation before us. The language of the two statutes therefore only suggests an answer to the question before us; it does not conclusively demonstrate that answer. We turn to DOR's various arguments in support of its position.

DOR argues that applying ORS 307.112 to leases between exempt organizations would completely nullify ORS 307.166. ORS 307.112 takes a "rent-down" approach to determining what rent may be charged without forfeiting a tax exemption. It begins with the rent that would be charged for property on which taxes must be paid in a normal market and reduces it by an amount that transfers the benefit of the exemption from the property owner to the charitable organization, the party for whose benefit the exemption was created. ORS 307.166, on the other hand, takes a "rent-up" approach. It assumes that in a lease agreement between two exempt organizations, the property owner should always be permitted to recover its expenses. Thus, ORS 307.166 permits the organization to keep its exemption on the property if the rent charged "does not exceed the cost of repairs, maintenance, amortization and upkeep."

DOR apparently assumes that the rent chargeable under ORS 307.166 always will be less than the rent chargeable under ORS 307.112. Nothing in the law requires such a result. One could easily imagine a situation where a building carries a heavy load of debt and requires a great deal of upkeep and repair, but which would command a relatively low rent on the open market. Under such circumstances, the rent calculated by the method contemplated in ORS 307.166 could

exceed the rent calculated by the method contemplated in ORS 307.112. Therefore, applying ORS 307.112 to leases between two exempt organizations would not, as the DOR claims, "result in erasing ORS 307.166 from the law books."[7]

DOR next suggests that an examination of the legislative history demonstrates that the legislature intended ORS 307.166 to be the only statute applicable when an exempt organization leases property from another exempt organization. We do not find the legislative history to be so helpful.

The 1977 legislature was presented with two distinct, but somewhat similar, problems:

(1) A lease-option agreement between the Medford School District and the private owner of its administration building upon which property the School District was required to pay taxes. This problem was brought to the attention of the House Revenue and School Finance Committee and resulted in the enactment of what is now ORS 307.112.[8]

(2) A lease of a building between Albany General Hospital and Linn County upon which property the hospital was required to pay taxes. This problem first came to the Senate Committee on Revenue and School Finance and resulted in ORS 307.166.

At no time did a member of any of the committees which considered either measure demonstrate any awareness of a possible conflict or interaction with the other provision. The Tax Court stated: "[T]his is an instance where the ambidextrous legislature failed to coordinate its handiwork. With one statute originating in the Senate and the other in

---

[7] There are, of course, other procedural differences between the two statutes which could render one or the other inapplicable to any given situation. For example, as the Tax Court noted, ORS 307.112 applies only to leases or lease purchases whereas ORS 307.166 "applies not only to leases but to lesser grants of use and possession of the property." *Mercy Health Promotion v. Dept. of Rev.*, 11 OTR 207, 211 (1990). Those differences are not pertinent to our decision in this case.

[8] This provision was also strongly supported by hospitals who wished to receive a tax exemption for various pieces of expensive medical equipment they leased. As with the Medford School District situation, these leases were between taxable and exempt entities, but there is no sign that the legislature considered this fact decisive. There is nothing in the legislative history suggesting that the legislature would not have wanted the exemption to apply even if one exempt hospital leased a piece of equipment to another exempt hospital.

the House, neither making any reference to the other, it seems likely that they were enacted without consideration of each other." 11 OTR at 211. We do not know if this criticism is justified. We do know, however, that the legislative history is of no help beyond establishing that the facts of the problems addressed by the two bills differed.

Finally, DOR claims that applying ORS 307.112 to leases between exempt organizations would present severe practical difficulties. According to DOR, when a non-exempt lessor decides to lease to an exempt organization it is easy to calculate the value of the tax exemption which needs to be accounted for in the lease under ORS 307.112. The parties need only look at the prior year's tax bill when the property was leased to a non-exempt lessee and adjust that amount to account for any changes in property value or tax rates. On the other hand, when the property belongs to an exempt organization which has held the property for many years without paying property taxes, DOR asserts that it is not easy to determine what the tax savings would be — any assessment of the property's value for tax purposes would be nothing more than a guess.

We reject this argument. Normally, valuing tax-exempt property should pose no greater challenge than valuing taxable property. There is no reason why the parties to a lease cannot hire an appraiser to determine the value of the property. Using that figure and the local tax rate from recent years, the parties can determine the amount of the tax saving.

The faults with DOR's arguments for the applicability of ORS 307.166 do nothing to establish the correctness of Mercy Health's responding argument in favor of ORS 307.112. Essentially, we are left with two statutes, enacted by the same legislature, and both by their terms applicable to the situation before us (although one is more clearly applicable than the other). We are left to harmonize the statutes in the way we think most likely to be what the legislature would have done had it considered the problem. *See Miller v. City of Portland,* 288 Or 271, 278, 604 P2d 1261 (1980).

For the reasons already expressed, policy arguments for harmonizing the statutes in one way or the other are not overwhelmingly persuasive. When all other arguments fail,

the best thing to do is fall back to where we began — the statutory language. We have said that the language does not necessarily resolve the question before us, but in saying that we only mean that we look to other considerations if they will more fully inform us as to the legislature's intent. Where other considerations fail to do that, however, we think it appropriate in such circumstances to raise the specific statutory language to decisive status. Where, as here, the legislature by ORS 307.166 addressed the *precise* situation we face, while in ORS 307.112 it addressed our present situation only because that situation falls within a very broad class of cases, all of which are addressed equally, we think it appropriate to apply the more specific statute to the case before us. We therefore hold that the statute applicable to the case before us is ORS 307.166. The Tax Court's contrary conclusion, while reasonable, was erroneous.

■ It follows from the foregoing that, if the property in question is to be deemed exempt, it must be because the lease between the parties complies with the requirements of ORS 307.166. DOR does not dispute that the use of the property complies. DOR asserts, however, that the lease does not comply with the statute because it provides for a rental in excess of the "amortization" a lessor may recover under such a lease.

Under ORS 307.166(1), a rental agreement complies with the statute if "the rent charged [for the exempt property] does not exceed the cost of repairs, maintenance, amortization and upkeep." Under the terms of the lease, Mercy Health already has assumed responsibility for repairs and maintenance.[9] Thus, only the cost of "amortization" can be charged as rent. However, according to DOR, the cost to lessor of "amortization" of the property is zero, because Douglas County owns the property outright and the property is not encumbered by any debt. It follows, therefore, according to DOR, that Douglas County cannot charge *any* rent for the property, or the exemption will be lost. We find this interpretation of the statute unreasonable.

There doubtless will be many circumstances in which there is nothing for the lessor to "amortize." This probably

---

[9] We assume that, at least in the present context, "upkeep" is included within repairs and maintenance.

will be true, for example, when the property leased has no improvements which can deteriorate and which will need to be replaced from time to time. But where, as here, the leased premises are improved property, we find nothing in the legislative history to suggest that the legislature did not intend "amortization" to have its usual meaning, *viz.*, an amount representing the depreciation of improvements on the premises. Indeed, for a public body like the county to lease some of its property without providing for a way to create a sinking fund or otherwise to provide for the replacement of improvements as they deteriorate could create serious problems down the road, and we do not believe that the legislature intended to require the public bodies subject to ORS 307.166 to be unable to charge rent that takes the depreciation of improvements into account.

DOR argues that giving "amortization" the meaning we here give it creates a problem, because establishing the initial basis of the property for depreciation purposes frequently will be nothing more than a guess. We reject this argument for the same reasons that we rejected DOR's earlier argument concerning calculation of the tax benefit derived by a lessee in a lease under ORS 307.112. We hold that the lease in question complies with the requirements of ORS 307.166.

## CONCLUSION

As we read the statutory scheme, the legislature has determined that when property is rented to an exempt organization by a non-exempt organization, the lease must explicitly provide for the shifting of the property tax exemption benefits to the exempt organization. On the other hand, when the rental agreement is between two exempt organizations, the exempt property owner may charge a rent sufficient to recover its "costs of repairs, maintenance, amortization and upkeep." "Amortization" includes, where appropriate, a reasonable figure for depreciation. The applicable statute in the present case is ORS 307.166. The Tax Court was incorrect in concluding otherwise. However, the lease in question meets the requirements under ORS 307.166.[10] The Tax Court's judgment was

---

[10] The parties' struggle has been over which statute to apply and, if ORS 307.166 is that statute, over the meaning of "amortization." There does not appear to be a separate argument that the lease is not adequate under ORS 307.166, as we have construed that statute.

therefore correct.

    The judgment of the Tax Court is affirmed.