IN THE OREGON TAX COURT

THE GARTEN FOUNDATION,
an Oregon not for profit corporation

*v.*

DEPARTMENT OF REVENUE

(TC 3417)

John Eric Wilkes, Callaghan, Neslund, Neslund & Wilkes and Bill Ghiorso, Salem, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered December 2, 1993.

**CARL N. BYERS, Judge.**

Plaintiff appeals the denial of exemption from property tax for 1991-92 for certain machinery and equipment leased by it. The facts are taken from the stipulation and evidence adduced at trial.

Plaintiff is a nonprofit corporation providing vocational training for developmentally disabled adults. It operates a recycling business which provides a means of training and a source of funding. Plaintiff is entitled to claim a

property tax exemption under ORS 307.130 as a charitable institution.

Prior to 1990, plaintiff leased property on McGilchrist Avenue in Salem. It outgrew that facility, and in May, 1990, purchased a new facility on Industrial Way in northeast Salem. The new facility lacked a conveyor, a baler and truck scales, equipment essential to its business. Plaintiff arranged for a bank to purchase the equipment and lease it to plaintiff. As recycling equipment, it qualified for certain environmental tax credits. These tax credits enabled the bank to lease the equipment to plaintiff for less money. The lease agreement was a true lease agreement and not a lease purchase.

The equipment in question is large. There are two Powell Pit Type Scales, one Krause Conveyor System and one C&M MSB 240 Two Ram Hi-density Baler. At the beginning of the lease, the parties agreed the equipment had a value of $508,179.60. Due to its size and nature, when the equipment was installed, it became a part of plaintiff's real property. This was the beginning of plaintiff's confusion.

■ On March 29, 1991, plaintiff filed application for exemption of its real property under ORS 307.130.[1] That statute exempts only property which is "owned or being purchased" by an organization. Apparently plaintiff believed that, because the equipment had been incorporated into its real property, it would qualify for exemption.

At about the same time, and in compliance with the law, the bank filed personal property tax returns showing it owned the equipment. Based on those personal property tax returns, the machinery and equipment was assessed at $392,314, resulting in property taxes of $10,781.15. The bank paid these taxes in November, 1991, and then requested reimbursement from plaintiff as allowed by its lease.

---

[1] ORS 307.130 provides:

"(1) Upon compliance with ORS 307.162, the following property owned or being purchased by incorporated literary, benevolent, charitable and scientific institutions shall be exempt from taxation:

"(a) Except as provided in ORS 748.414, only such real or personal property, or proportion thereof, as is actually and exclusively occupied or used in the literary, benevolent, charitable or scientific work carried on by such institutions."

Plaintiff reimbursed the bank for the property taxes and immediately applied for exemption of the leased equipment under ORS 307.112. However, the assessor denied the application because it was late for the 1991-92 tax year and the lease did not contain a "tax savings clause."

The relevant portion of ORS 307.112 provides:

"(1)   Real or personal property held under lease or lease-purchase agreement by an institution, organization or public body, other than the State of Oregon, granted exemption or the right to claim exemption for any of its property under ORS 307.090, 307.130, 307.140 or 307.145 or 456.225, is exempt from taxation if:

"(a)   The property is used by the lessee in the manner, if any, required by law for the exemption of property owned or being purchased by it; and

"(b)   It is expressly agreed within the lease or lease-purchase agreement that the rent payable by the institution, organization or public body has been established to reflect the savings resulting from the exemption from taxation."

Upon learning from the assessor that the lease did not comply with the requirements of the statute, plaintiff and the bank executed an "Addendum to Lease/Purchase Agreement."

■      Plaintiff's confusion has not been dissipated by its experience. Plaintiff appears to contend that because the machinery and equipment was affixed to and became part of the real property, it should be exempt. Although plaintiff's memo quotes ORS 307.162, it ignores the words written there. Plaintiff assumes the statute provides an exemption. However, ORS 307.162 only sets forth the requirements for filing claims for exemption; it does not provide any exemptions. As stipulated, ORS 307.130 provides the exemption for plaintiff's property. This statute expressly requires exempt property to be "owned or being purchased by" the institution. The equipment in question was not owned or being purchased by plaintiff.

■      Plaintiff also argues that, because it filed timely under ORS 307.130, its late filing under ORS 307.112 should be excused. Plaintiff's arguments confuse this issue by also asserting that the late adoption of the tax savings addendum

should be excused. Whether it was necessary for a tax savings clause to be adopted is irrelevant. The statute clearly requires the application for exemption to be filed not later than April 1 of each year.

It is important to note two differences between ORS 307.162 and ORS 307.112. ORS 307.162 provides the filing requirements for several property tax exemptions. Under ORS 307.162, if there is no change in ownership or use, the institution does not have to file every year. Further, notwithstanding the requirements of timely filing, ORS 307.162 provides for late filing upon the payment of a penalty. In contrast, ORS 307.112 requires the claimant to file for exemption every year and there is no provision for a late filing.

Plaintiff cites *Mercy Health Promotions v. Dept. of Rev.*, 310 Or 123, 795 P2d 1082 (1990), in support of its argument that its timely filing under ORS 307.130 entitles it to exemption under ORS 307.112. However, *Mercy Health* dealt with an issue of statutory construction of two overlapping statutes. After the court decided the applicable statute, it found the taxpayer had complied with that statute's requirements. *See* 310 Or at 131, 795 P2d at 1086. Here, there is no question as to which statute applies and there is no question plaintiff failed to comply with that statute.

Plaintiff argues the assessor's lenient policy allows retroactive compliance with the tax savings clause requirement. Whatever leniency the assessor may allow regarding a "tax savings clause," the assessor does not have discretion with regard to the time for filing a claim for exemption. Based on the above, defendant's Opinion and Order No. 92-0232 must be sustained. Costs to neither party.