# LANE COUNTY
## *v.*
# DEPARTMENT OF REVENUE
## (TC 3601)

David B. Williams, Lane County Office of Legal Counsel, Eugene, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered October 19, 1994.

**CARL N. BYERS, Judge.**

Plaintiff appeals from the denial of a property tax exemption for the 1991-92 and 1992-93 tax years. The parties stipulated the facts and the matter is before the court on cross motions for summary judgment.

The subject property, located at 540 Oak Street in Eugene, is commonly referred to as "The Bus Barn." Only that portion of the property (constituting 4,250 square feet) used as a child care center is in issue. Plaintiff acquired the property in March 1990 and immediately agreed with the United States General Services Administration (GSA) to jointly remodel the property. Plaintiff desired to provide child care facilities for its employees and GSA wanted child care facilities for employees of the Forest Service.

On July 1, 1990, interested parents, who were employees of plaintiff and the Forest Service, formed a non-profit corporation entitled "Busy Barn, Inc." (BBI). This organization was formed to assure the provision of child care primarily to employees of federal and county governments. On November 13, 1990, plaintiff, the Forest Service and Busy Barn, Inc., entered into a written agreement whereby BBI was to contract for child care services.

On November 15, 1990, BBI contracted with Crest Kids Club, Inc., a nonprofit corporation, to provide child care as required under the agreement between plaintiff, the Forest Service and BBI. Crest Kids Club, Inc., qualifies as a charitable organization exempt from federal income tax under IRC § 501(c)(3). The parties stipulate that the property was used exclusively for child care purposes during the relevant years. On December 28, 1990, plaintiff formally leased the property to the federal government for five years. On March 13, 1991, plaintiff applied for property tax exemption for the 1991-92 tax year. On May 29, 1991, the application for exemption was denied on several grounds.

ORS 307.166 allows a tax exemption for property owned by one exempt organization and leased to another exempt organization. This statute also applies to exempt sublessees and entities in possession so long as the exempt use continues. ORS 307.166(2) specifically requires that the "lessee or entity in possession shall file a claim for exemption."

Defendant's Motion for Summary Judgment asserts that plaintiff, as the owner of the property, was not the lessee or the entity in possession and, therefore, was not qualified to apply for the exemption. Plaintiff recognizes that BBI, and

not plaintiff, was the entity in possession. Plaintiff also acknowledges that "in this case, * * * the plaintiff, who owned the property, applied for the exemption, doing so under an inapplicable statute, ORS 307.112." Nevertheless, plaintiff contends the property qualifies for exemption.

■■    Plaintiff's position would require the court to either ignore or modify the statute. In construing statutes, this court must presume that the legislature intended what it said. *Rosentool v. Bonanza Oil and Mine Corp.*, 221 Or 520, 352 P2d 138 (1960). The court cannot insert what has been omitted or omit what has been inserted, but must give effect to every word, phrase, sentence and section. *Kankkonen v. Hendrickson et al*, 232 Or 49, 374 P2d 393 (1962). This is particularly true in the case of property tax exemptions. Taxation of property is the rule and exemptions are the exception. Consequently, tax exemptions are strictly construed. *Skyline Assembly of God v. Dept. of Rev.*, 274 Or 259, 545 P2d 879 (1976). Applicants must clearly bring themselves within the legislative intent. *Roy L. Houck & Sons v. Tax Com.*, 229 Or 21, 366 P2d 166 (1961). In view of these principles, it is not absurd or unreasonable to deny an exemption to an applicant who fails to comply with the procedural requirements of the statute.

■    Recognizing that the legislature enacted the hardship statute (ORS 307.475) to overcome procedural errors, plaintiff argues, "[T]he legislature clearly places only a slight premium on procedural compliance." While the hardship statute allows parties to recover from their mistakes, it imposes strict conditions and confers substantial discretion upon the taxing authorities.[1] If any inference is to be drawn from the existence of the hardship provisions, it is that the legislature recognized taxpayers sometimes fail to comply with necessary procedural requirements.

The stipulated facts are that plaintiff applied for exemption under ORS 307.112 and ORS 307.090. Plaintiff acknowledges that ORS 307.112 is not applicable. As an alternative argument, plaintiff seeks to qualify under ORS 307.090. That statute provides in part:

---

[1] Plaintiff does not explain why it did not apply for or obtain relief under ORS 307.475.

"(1) *Except as provided by law*, all property of the state and all public or corporate property used or intended for corporate purposes of the several counties, cities, towns, school districts, irrigation districts, drainage districts, ports, water districts, housing authorities and all other public or municipal corporations in this state, is exempt from taxation." (Emphasis added.)

■   Plaintiff ignores the emphasized phrase "except as provided by law." ORS 307.166 is an exception to the general rule of ORS 307.090. Property owned by one exempt organization and leased to another exempt organization must qualify for exemption by meeting the conditions of ORS 307.166. *Mercy Health Promotion v. Dept. of Rev.*, 310 Or 123, 795 P2d 1082 (1990). Plaintiff did not meet those conditions and, therefore, fails to qualify for the exemption. Now, therefore,

IT IS ORDERED that plaintiff's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that defendant's Motion for Summary Judgment is granted. Costs to neither party.